UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | File No. 1:03-CR-35-01 |
| | : | |
| ANDREW CAPOCCIA | : | |
| | : | |

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in Counts 19-23 and 25-30 of the Second Superseding Indictment in the above-captioned case, the United States sought forfeiture of specific property of defendant Andrew Capoccia pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982, 1956, 1957, 1961, 2314 and 28 U.S.C. § 2461(c) as property constituting or derived from any proceeds traceable to violations of 18 U.S.C. §§ 1341, 1343, 1956(a)(1)(A) and (A)(1)(B), 2314, and 2315;

AND WHEREAS, on January 3, 2003 the law firm started and controlled by Andrew Capoccia was placed in involuntary bankruptcy in U.S. Bankruptcy Court for the District of Vermont, In Re: Daly & Sinnott Law Centers PLLC, Docket No. 03-10011;

AND WHEREAS, both the Government and the bankruptcy trustee have contacted nearly 19,000 former clients of the law firm and advised all to file claims in Bankruptcy Court and approximately 2,762 have done so;

AND WHEREAS, on April 5, 2005, a jury found Andrew Capoccia guilty of Counts 1-5, 7, and 9-15 of the Second Superseding Indictment;

1

AND WHEREAS, the Government has shown that the assets named in the Second Superseding Indictment:

(a) Contents in Account No. 059-644190-69, in the name of or for the benefit of Carol Capoccia, LLC, at Prudential Securities;

(b) Contents in Account No. TBJ967131E6, in the name of or for the benefit of Valentino Enterprises, Inc., at Prudential Securities;

(c) Contents in Account No. 35-740-093, in the name of or for the benefit of Carol Capoccia, LLC, at Wachovia Bank;

(d) Contents in Account No. 325450051868, in the name of or for the benefit of Carol Capoccia, LLC, at Key Bank;

(e) Contents in Account No. 325490036895, in the name of or for the benefit of Eugene A. Bizzarro and/or Deana Bizzarro Karam, at Key Bank;

(f) Contents in Account No. 0417003221519, in the name of or for the benefit of Carol Capoccia, at Sun Trust Bank;

(g) Contents in E-Trade Account No. 1091-1898, in the name of or for the benefit of Eugene A. Bizzarro, at E-Trade Securities, Inc.;

(h) Jewelry, a Beaded Compact, a Silver Plated Travel Photo Album, and 6 Waterford Lismore Brandy Balloons;

(i) Improvements, in the Minimum Amount of $75,000, to 56 Bentwood Drive East, Guilderland, New York;

(j) U.S. Funds in the Amount of $50,000, in the Possession or Control of Eugene A. Bizzarro;

(k) Contents in Account No. 52164, in the name of or for the benefit of Carlo Spano, at State Employee's Federal Credit Union; and

(l) Contents in PNC Account No. 8019327712, the operating account for Debt Settlement Associates;

2

are the proceeds of the crimes for which Andrew Capoccia was convicted or were involved with those crimes (for Counts 14-15) and that the United States is entitled to a money judgment in the amount of $6,247,581,

AND WHEREAS, the United States is now entitled to possession of the Property named above and a money judgment in the amount of $6,247,581, pursuant to 18 U.S.C. §§ 2314, 2, 981(a)(1)(C), 982, 1956, 1957, 1961, 2314 and 28 U.S.C. § 2461(c);

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

1. Based upon the conviction of Andrew Capoccia, the United States is hereby authorized to retain possession of the Property and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

2. The forfeited Property is to be seized and held by the U.S. Marshals Service, in its secure custody and control, until further order of this Court.

3. Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshal forthwith shall publish once, in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the Property in such manner as the Attorney General may direct and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited Property must file a petition with the Court within thirty (30)

days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. The notice shall state that anyone filing such a petition shall request a hearing to adjudicate the validity of the petitioner's alleged interest in the Property, shall sign the petition under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Property and any additional facts supporting the petitioner's claim and the relief sought.

5. The United States should also provide direct written notice of this Order to:

>   Carol Capoccia
>   c/o E. Stewart Jones, Jr., Esq.
>   E. Stewart Jones, PLLC
>   28 Second Street
>   Troy, NY 12181
>
>   Eugene Bizzarro
>   c/o Terry Kinlan, Esq.
>   Kinlan Shanks
>   100 State Street
>   Albany, NY 12207
>
>   John R. Canney III, Esq.
>   P.O. Box 6626
>   Rutland, VT 05702
>
>   Richard L. Rodgers
>   c/o State of New York
>   Office of the Attorney General
>   General Recoveries Unit
>   The Capitol
>   Albany, NY 12224-0341

> Debt Settlement Associates, Ltd.
> c/o Michael L. Koenig, Esq.
> O'Connell and Aronowitz
> 100 State Street
> Albany, NY 12207-1885

6. The United States should also post a copy of this Order on the website it maintains relating to this matter and, through that website, make it known that any person with an interest in or claim to the forfeited assets or who wishes to be treated as a victim of Andrew Capoccia or the Law Centers should fill out the claim form posted there and forward it to the U.S. Attorney's Office.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated at Brattleboro, Vermont, this 2ND day of February, 2006.

*[signature]*
J. Garvan Murtha
United States District Judge