UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | File No. 1:03-CR-35-1 |
| : | |
| ANDREW CAPOCCIA : | |
| : | |

RULING ON DEFENDANT'S PENDING MOTIONS AND MEMORANDA
(Papers 474, 482, 483, 486, 501 and 504)

Defendant Andrew Capoccia, proceeding pro se, has filed a motion for bill of particulars (Paper 474), three motions to dismiss the indictment (Papers 482, 483 and 486) and two memoranda challenging his conviction on Count One (Papers 501 and 503). These motions respond to the Second Circuit's decision in United States v. Capoccia, 503 F.3d 103 (2007), which affirmed Capoccia's convictions and remanded certain forfeiture issues. The Second Circuit held that this Court erred in ordering Capoccia to forfeit assets obtained in violation of 18 U.S.C. § 2314 prior to May 24, 2000 because these violations were not charged in the indictment. The appeals court rejected the government's argument that Count One included the pre-May 2000 violations because it charged a scheme under 18 U.S.C. § 2314. Capoccia's convictions were affirmed in all other respects by summary order. United States v. Capoccia, No. 06-0670. Thus,

1

the only issue remanded to this Court is a recalculation of forfeitable monies under Count One.

    I.   <u>Motion for Bill of Particulars</u>

Capoccia moves under Rule 7(f) of the Federal Rules of Criminal Procedure for an order directing the government to provide particulars about Count One of the indictment and the government's proof on the remanded forfeiture issue. The decision whether to grant a bill of particulars is within the sound discretion of the court. <u>United States v. Davidoff</u>, 845 F.2d 1151, 1154 (2d Cir. 1988). A defendant is entitled to seek a bill of particulars to "identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." <u>United States v. Bortnovsky</u>, 820 F.2d 572, 574 (2d Cir. 1987). Capoccia contends he lacks sufficient notice of the Count One charges on remand because the government has "shifted its position to walk away from the scheme theory" it advocated on appeal. Paper 474-2.

Defendant's motion is denied for two reasons. First, much of the information Cappocia seeks is simply not the appropriate subject of a bill of particulars. For example, Capoccia demands the government "[s]pecify in detail each exhibit the government

2

will use on remand" and "[s]tate in particular what the government will rely upon of the testimony of Special FBI Agent Daniel Racheck." Id. The Second Circuit has emphasized that a bill of particulars may not be used to compel the government to disclose evidentiary detail. United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990). Other particulars Capoccia seeks, such as the signatory and the court that issued a warrant, are inappropriate because they seek information irrelevant to the appropriate subject of a bill of particulars – the indictment.

Finally, Capoccia's more germane requests relating to Count One charges are denied because there is sufficient detail in the indictment and record to enable Capoccia to prepare a defense. Any possible ambiguity concerning exactly what conduct Count One charges is dispelled by the Second Circuit's plain and thorough analysis of the indictment. See United States v. Capoccia, 503 F.3d 103, 110-115 (2007). Moreover, Capoccia has obtained complete discovery associated with trial and has a transcript of the testimony offered at trial and in the forfeiture proceedings. Because Capoccia is not entitled to the information sought, and because the information he seeks is already available, the motion for bill of particulars is denied.

II. Motions to Dismiss the Indictment

In Capoccia's first motion to dismiss the indictment (Paper 482), he argues Count One was constructively amended at trial in violation of the Fifth Amendment. This motion is not appropriate under the Second Circuit's remand because Capoccia's conviction was affirmed on appeal. Rather, the motion is essentially a collateral attack on Defendant's Count One conviction. Authorization for a prisoner to move for the vacation, setting aside, or correction, of his sentence is provided in 28 U.S.C. § 2255, however Capoccia did not file the motion under this statute. In the past, district courts routinely converted prisoners' post-conviction motions which unsuccessfully sought relief under some other provision of law into motions made under 28 U.S.C. § 2255. Castro v. United States, 540 U.S. 375, 381, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003). However, converting a pro se filing into a motion under § 2255 may make it more difficult to file motions in the future. See Id. at 382.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241 et seq., places severe restrictions on a prisoner's ability to file a second or successive motion to set aside or correct his sentence. See, e.g., Adams v. United States, 155 F.3d 582, 583 (2d Cir.1998). A "second or successive" motion

4

to vacate will be dismissed unless the Court of Appeals certifies that the new petition contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Because of the restrictions AEDPA places on refiling, courts must treat recharacterizations with special care. Adams, 155 F.3d at 583. Therefore, this Court declines to recharacterize Capoccia's motion to dismiss the indictment as a motion made under § 2255. Rather, Capoccia should file a motion challenging the Count One conviction under 28 U.S.C. § 2255, bearing in mind AEDPA's limitations on successive motions.

In the next motion to dismiss the indictment (Paper 483), Capoccia argues the indictment failed to provide him with adequate notice of the crimes with which he was charged in violation of the Fifth and Sixth Amendments. This motion is denied because under Federal Rule of Criminal Procedure 12(b)(3)(B), any motion alleging a defect in the indictment must be made before trial. Moreover, this motion is not one of the exceptions to Rule 12(b)(3)(B), under which "at any time while the case is pending, the court may hear a claim that the

indictment or information fails to invoke the court's jurisdiction or to state an offense." Fed. R. Crim. P. 12(b)(3)(B). Indeed, Capoccia has already filed two motions to dismiss the indictment on these grounds in November 2007 (Papers 459 and 463).

In the final motion (Paper 486), Capoccia asserts the indictment must be dismissed for grand jury improprieties. Capoccia argues New York Assistant Attorney General Alan Blumenkopf, who participated in the joint federal/state investigation and prosecution of Capoccia, was not authorized to appear before the federal grand jury. This motion is denied for two reasons.

Under Federal Rule of Criminal Procedure 12(b)(3)(A) and (B), any motion alleging a defect in the indictment or in instituting the prosecution must be made before trial. Thus, Capoccia's post-conviction motion comes too late.

Moreover, Mr. Blumenkopf was authorized under Federal Rule of Criminal Procedure 6(d) to appear before the grand jury as an "attorney[] for the government." Federal Rule of Criminal Procedure 1(b)(1) defines "attorney for the government" as a United States Attorney, any authorized assistant, or "any other attorney authorized by law to conduct proceedings under these rules as a prosecutor." On November 28, 2001, Mr. Blumenkopf was

appointed a special assistant United States Attorney for Vermont under 28 U.S.C. § 543. See Paper 487-2. That appointment was renewed for one year on November 28, 2002. See Paper 487-3. The appointment ended when Mr. Blumenkopf retired on February 24, 2003. See Paper 487-4. The grand jury presentation against Capoccia began July 1, 2002 and ended March 2003, when Capoccia was indicted. Therefore, Mr. Blumenkopf's appointment as an "attorney for the government" was in effect during his participation in Mr. Capoccia's grand jury proceedings. Therefore, the motion to dismiss the indictment for grand jury improprieties is denied.

    III. <u>Memoranda Challenging Count One Conviction</u>

Capoccia filed two memoranda challenging his conviction on Count One. The first memorandum, "Submission on Remand," argues the Government is not entitled to forfeiture of <u>any</u> funds under Count One because "the government did not prove each specific transfer in the counts as a separate offense but instead proved the scheme and the specific transfers as evidence in furtherance of the scheme." Paper 501 at 2. In the second memorandum, "Application on Remand," Capoccia requests the Court "correct a most fundamental error of a wrongful conviction" and "vacate his convictions." Paper 504 at 4.

These requests are not appropriate under the Second Circuit's remand because Capoccia's convictions were affirmed on appeal. The memoranda constitute a collateral attack on Defendant's Count One conviction. The Court declines to convert the memoranda into a motion made under § 2255 for the reasons stated in Section II. Capoccia may wish to consolidate the arguments in Papers 482, 501 and 504, and any other arguments challenging his conviction, into one motion under § 2255, bearing in mind AEDPA's limitations on successive motions. To the extent the "Submission on Remand" (Paper 501) raises other aspects of the remanded forfeiture issue, the Court advises Defendant it will rely on appointed counsel's memoranda.

IV. <u>Conclusion</u>

Defendant's Motion for Bill of Particulars (Paper 474) and Motions to Dismiss the Indictment (Papers 482, 483 and 486) are DENIED. Defendant's "Submission on Remand" and "Application on Remand" (Papers 501 and 504) are also DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 17th day of November, 2008.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge