UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | File No. 1:03-CR-35-1 |
| | : | |
| ANDREW CAPOCCIA | : | |

RULING ON AUTHORITY TO ISSUE MONEY JUDGMENT
AND TO ORDER FORFEITURE OF SUBSTITUTE ASSETS

I. Background

This Court issued a Preliminary Forfeiture Order on February 2, 2006. Capoccia successfully appealed the Order, arguing this Court erred by ordering the forfeiture of assets in Capcoccia's possession prior to May 24, 2000. See United States v. Capoccia, 503 F.3d 103 (2d Cir. 2007). The Second Circuit affirmed the forfeiture judgment, however, as to post-May 2000 monies, and remanded the matter to this Court for further forfeiture proceedings regarding these monies. This ruling addresses the parties' submissions concerning whether the Court may issue a money judgment against Capoccia, and whether the Court may order forfeiture of substitute assets under 21 U.S.C § 853(p).

II. Analysis

   A. Authority to Issue Money Judgment

The first issue is whether this Court has the authority to issue an in personam money judgment against Capoccia. Capoccia argues the Court may not issue a money judgment because no

statute applicable here specifically authorizes a money judgment as a means of forfeiture. He also contends a money judgment would be incompatible with the tracing requirement imposed under the civil forfeiture statute, 18 U.S.C. § 981(a)(1)(c). The Court disagrees and finds a money judgment may issue against Capoccia.

Precedent clearly indicates a money judgment is permissible under the statutory scheme employed by the Government in this case to pursue criminal forfeiture. In <u>United States v. Day</u>, 524 F.3d 1361 (D.C. Cir. 2008), the D.C. Circuit held a money judgment was properly entered against a defendant facing forfeiture on embezzlement convictions under 18 U.S.C. § 664 via the statutory cross-references in 28 U.S.C. § 2461(c), 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 853. The Government employs the same statutory scheme here to pursue forfeiture for Capoccia's violations of 18 U.S.C. § 2413.

Furthermore, several appeals courts have explicitly rejected each of Capoccia's proffered arguments contesting the money judgment. First, Capoccia argues there is no specific authorization for a money judgment. Rather than requiring specific authorization to enter a money judgment, however, the D.C. Circuit in <u>Day</u> found it persuasive that "21 U.S.C. § 853 contains no language limiting the amount of money available in a forfeiture proceeding to those assets in the defendant's

2

possession at the time forfeiture is ordered." 524 F.3d at 1377-78; see also United States v. Vampire Nation, 451 F.3d 189, 202-03 (3d Cir. 2006) ("Given that § 853 does not contain any language limiting the amount of money available in a forfeiture order to the value of the assets a defendant possesses at the time the order is issued, we think it clear that an in personam forfeiture judgment may be entered for the full amount of the criminal proceeds."). The Day court reasoned "[c]riminal forfeiture under § 853, by definition, bears a direct relation to the proceeds of the crime. [It] is concerned not with how much an individual has but with how much he received in connection with the commission of the crime." Id. at 1378 (alteration in original) (quoting United States v. Casey, 444 F.3d 1071, 1077 (9th Cir. 2006)).

Capoccia's second argument, that a money judgment is inconsistent with the tracing requirement imposed under the civil forfeiture statute, fails to recognize the Government seeks criminal forfeiture based on 28 U.S.C. § 2461(c). As the D.C. Circuit noted in Day, permitting money judgments effectuates the remedial purposes of the criminal forfeiture statute.

> First, criminal forfeiture is a sanction against the individual rather than a judgment against the property itself. Because the sanction follows the defendant as part of the penalty, the government need not prove that the defendant actually has the forfeited proceeds in his possession at the time of conviction. Second, permitting a money judgment, as part of a forfeiture order, prevents

a [convicted defendant] from ridding himself of his ill-
gotten gains to avoid the forfeiture sanction.

524 F.3d at 1378 (quoting United States v. Hall, 434 F.3d 42, 59 (1st Cir. 2006)); see also Vampire Nation, 451 F.3d at 202 n.12 ("By requiring a defendant to return his illicit gains without regard to his solvency, we believe the forfeiture judgment issued in this case serves the remedial purposes of 21 U.S.C. § 853."). Accordingly, the Court finds a money judgment may issue against Capoccia.

B. <u>Authority to Order Forfeiture of Substitute Assets</u>

The next issue is whether this Court may order forfeiture of substitute assets under 21 U.S.C § 853(p). Capoccia argues Section 853(p) is not applicable here because 28 U.S.C. 2461(c) adopts only the <u>procedures</u> in Section 853 to effectuate criminal forfeiture, not <u>substantive</u> provisions such as Section 853(p). Capoccia claims Section 853(p) is substantive because "it allows for the forfeiture of property that is not traceable to any criminal violation," as required under 18 U.S.C § 981.

Capoccia cites as authority for his substantive versus procedural dichotomy, United States v. Razmilovic, 419 F.3d 134 (2d Cir. 2005). In that case, the Second Circuit refused to apply subsection (e) of Section 853, a property restraint provision, in a pretrial forfeiture proceeding. Nothing in the <u>Razmilovic</u> decision, however, supports Cappocia's substantive versus procedural gloss. Rather, the Second Circuit merely

4

required the Government to heed the clear language in 28 U.S.C. 2461(c) limiting the application of Section 853's procedures to <u>post-conviction</u> forfeiture proceedings like Capoccia's. Thus, if anything, <u>Razmilovic</u> supports the application of Section 853(p) in this case.

More applicable here is the Fourth Circuit's decision in <u>United States v. Alamoudi</u>, 452 F.3d 310 (4th Cir. 2006), which, applying the identical statutory scheme employed here,[1] held that "when the Government cannot reach the property initially subject to forfeiture, federal law <u>requires</u> a court to substitute assets for the unavailable tainted property." <u>Alamoudi</u>, 452 F.3d at 314 (emphasis added); see also <u>Vampire Nation</u>, 451 F.3d at 202 (applying Section 853(p) to forfeiture proceeding under 28 U.S.C. § 2461(c)). Because nothing in 28 U.S.C. § 2461(c) limits the application of 21 U.S.C. § 853(p), the Court follows the plain language of the statute and finds Section 853(p) applies.

III. <u>Conclusion</u>

The Court finds a money judgment against Capoccia is permissible under 28 U.S.C. § 2461(c) and substitute assets may be forfeited consistent with 21 U.S.C. § 853(p).

SO ORDERED.

---

[1] 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853 and 18 U.S.C. § 981(a)(1)(C).

Dated at Brattleboro, in the District of Vermont, this 4th day of February, 2009.

                                            <u>/s/ J. Garvan Murtha</u>
                                            Honorable J. Garvan Murtha
                                            United States District Judge