UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

```
UNITED STATES OF AMERICA       :
                               :
        v.                     :    File No. 1:03-CR-35-1
                               :
ANDREW CAPOCCIA                :
_____:
```

ORDER
(Papers 519, 523, 530, 534, 537, 538, 539)

I.  Background

Defendant Andrew Capoccia was convicted of fraud and money laundering in April 2005 after a jury trial. Capoccia appealed the convictions and sentence. The Second Circuit responded in September 2007 by affirming Capoccia's convictions and all non-forfeiture aspects of his sentence. United States v. Capoccia, No. 06-0670. The Second Circuit remanded, however, a narrow forfeiture issue requiring the Court to recalculate forfeitable monies under Count One. United States v. Capoccia, 503 F.3d 103 (2007).

In November 2007, Capoccia filed two motions in this Court to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B). The Court denied those motions and they are currently on appeal before the Second Circuit. United States v. Capoccia, No. 07-5363.

This Order concerns Capoccia's pending pro se motions as well as letters sent to the Court both by Capoccia and the Government.

II. <u>Pending Pro Se Motions</u>

    A.   <u>Motions Challenging Capoccia's Conviction or Sentence</u>

Capoccia, proceeding pro se, has filed a number of motions challenging his conviction and sentence. (Papers 519, 523, 530, 538.) After a careful review, the Court has determined that these motions are not properly before the Court at this time given Capoccia's pending appeal. For the following reasons, the Court dismisses these motions without prejudice.

The issues properly before this Court are limited (as Capoccia indicated in his Motion for a Stay of Proceedings Pending Appeal, Paper 537). First, the Second Circuit remanded to this Court the narrow issue of recalculating forfeitable monies under Count 1. The Court has received the parties' papers and will schedule a hearing to address the forfeiture issues. While the papers before the Court constitute sufficient briefing to resolve the outstanding issues, the Court has thus far declined to issue a final order of forfeiture, or a partial distribution of funds, due to the appeal pending before the Second Circuit. As the Government acknowledged in its January 25, 2009 memorandum to the Court, the final forfeiture order is affected by the resolution of the appeal. (Government's Resp. Mem. on Forfeiture Issues with Renewed Request for Immediate Partial Distribution, Paper 525 at 2.) In the interest of achieving finality, the Court will issue a final order of

forfeiture once the Second Circuit has entered a judgment on the appeal. The Court will not accept any further briefing on the forfeiture issue.

Second, this Court has already ruled on the aspects of Capoccia's conviction and sentence that could be reviewed by this Court absent a habeas petition under 28 U.S.C. § 2255. The Court advised Capoccia of this fact in its November 17, 2008 "Ruling on Defendant's Pending Motions and Memoranda," which notified Capoccia that several of Defendant's challenges to his conviction and sentence were not properly before the Court. (Paper 507.) The Court notified Capoccia in the Ruling that the Court would convert future challenges to the Defendant's affirmed conviction and sentence into a habeas petition.

The Court finds, however, that in the interest of finality, the best course of action is to dismiss the current motions without prejudice rather than forcing Capoccia to either withdraw the motions or convert them into a habeas petition under § 2255.[1] The Court recognizes the resolution of Capoccia's appeal may influence the issues Capoccia wishes to present in his habeas petition. Therefore, the Court advises Capoccia to consolidate and file all challenges to his conviction or sentence after the resolution of his appeal, keeping in mind AEPDA's limitations on

---

[1] See <u>Adams v. United States</u>, 155 F.3d 582, 583 (2d Cir. 1998).

successive appeals and the one-year statute of limitations.  See 28 U.S.C. § 2244; see also Ruling on Defendant's Pending Motions and Memoranda, Paper 507 (discussing 28 U.S.C. § 2255, 28 U.S.C. § 2244, and AEDPA's limitations on successive filings).

    B.    <u>Remaining Pro Se Motions</u>

The Court has considered Defendants' three remaining motions on their merits.  These are (1) Motion to Disqualify the Office of the U.S. Attorney, Thomas Anderson and the Assistant U.S. Attorneys (Paper 534); (2) Motion for a Stay of Proceedings Pending Appeal and to Vacate Court Orders (Paper 537); and (3) Motion for Order Directing Disqualification of Agent Daniel Rachek for Untruthfulness (Paper 539).  These motions are DENIED with prejudice.

III. <u>Letters Sent to the Court</u>

On December 11, 2008, the Court informed Defendant that it would no longer consider, and counsel need not respond to, any pro se filings on the forfeiture issue remanded to this Court by the Second Circuit because Defendant is represented by counsel.  (Paper 517.)  Defendant continued to file various motions (including Papers 530, 534, 538, 539).  The government sent correspondence to the Court stating, based on the Court's December 11, 2008 instruction, it will not provide written responses to the motions unless directed otherwise.  The Court filed the correspondence.  (Papers 540-543.)

The parties are informed the Court will not accept for filing letters setting forth legal arguments. This includes correspondence filed under a Certificate of Service. The Clerk is instructed to forward such letters to judge's chambers. Any future correspondence to the Court from either party should be provided to the opposing party and, in the case of Mr. Capoccia, also forwarded to court-appointed counsel.

IV. Conclusion

The following motions are DENIED without prejudice:

1. Defendant's Motion on the Sentencing Errors Where the Court Lacks Subject Matter Jurisdiction (Paper 519);
2. Motion to Dismiss Pre-LCCP Counts of § 2314 and Forfeiture Allegations 1 & 2 and 18 U.S.C. § 1956 Counts 14-16 (Paper 523);
3. Motion to Dismiss for Failure to Comply with Rule 7(c)(2) (Paper 530); and
4. Motion for an Order of No Opposition to Dismissing the Indictment (Paper 538).

The following motions are DENIED with prejudice:

1. Defendant's Motion to Disqualify the Office of the U.S. Attorney, Thomas Anderson and the Assistant U.S. Attorneys (Paper 534);
2. Motion for a Stay of Proceedings Pending Appeal and to Vacate Court Orders (Paper 537); and

3. Motion for Order Directing Disqualification of Agent Daniel Rachek for Untruthfulness (Paper 539).

A hearing on the remanded forfeiture issue will be held on <u>Wednesday, June 3, 2009, at 10:30 a.m. in Brattleboro, Vermont</u>.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 8th day of April, 2009.

<u>/s/ J. Garvan Murtha</u>
J. Garvan Murtha
United States District Judge