UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America    :
                            :
    v.                      :    File No. 1:03-CR-35
                            :
Andrew Capoccia             :


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 548 and 564)

Defendant Andrew Capoccia, proceeding *pro se*, has filed a motion pursuant to 28 U.S.C. § 2255 challenging the constitutionality of his conviction.  In response, the government moves to dismiss the motion without prejudice because a forfeiture matter is still pending before the trial court.  For the reasons set forth below, I recommend that the motion to dismiss be GRANTED and Capoccia's § 2255 motion be DENIED without prejudice.

## Background

Capoccia was convicted by a federal jury in 2005 on charges of conspiracy, fraud, interstate transportation and receipt of stolen property, and money laundering.  He was subsequently sentenced to 188 months in prison, to be followed by a period of supervised release.  The Court also ordered restitution in excess of $7 million, and required Capoccia to forfeit approximately $3 million in property.

Capoccia appealed, whereupon the Second Circuit affirmed his conviction and the non-forfeiture portion of his sentence. United States v. Capoccia, 247 F. App'x 311 (2d Cir. 2007), cert. denied, 128 S. Ct. 2449 (2008). In a separate opinion, the Second Circuit remanded the case for further proceedings pertaining to forfeiture. United States v. Capoccia, 503 F.2d 103 (2007). Those proceedings are currently in this Court.

In November 2007, Capoccia filed two motions to dismiss the indictment under Fed. R. Crim. P. 12(b)(3). The Court denied his motions, and a second appeal is pending before the Second Circuit. United States v. Capoccia, No. 07-5363. As the Court noted in a recent order, it has declined to decide the forfeiture issue currently before it on remand because "the final forfeiture order is affected by the resolution of the appeal." United States v. Capoccia, 2009 WL 961164, at *1 (D. Vt. Apr. 8, 2009).

Capoccia subsequently filed a number of motions challenging his conviction and sentence. (Papers 529, 523, 530 and 538). The Court denied the motions, finding that "in the interest of finality, the best course of action is to dismiss the current motions without prejudice . . . . [T]he Court advises Capoccia to consolidate and file all

2

challenges to his conviction or sentence *after the resolution of his appeal*, keeping in mind the AEDPA's limitations on successive appeals and the one-year statute of limitations." Id. at *2 (citations omitted) (emphasis added). Capoccia appealed this decision as well. (Paper 553).

Notwithstanding the Court's advice, Capoccia has now filed a § 2255 motion to vacate his conviction. The government argues that the motion is premature because Capoccia's conviction is not final, and seeks denial of the motion without prejudice.

## Discussion

The procedural posture of this case is complex, as some issues are still before the trial court, Capoccia's sentence is not final, yet one appeal has been resolved and others are currently pending. The question before the Court is whether it may, or should, consider a motion for writ of habeas corpus under these circumstances.

It is well established that a district court generally should not entertain a § 2255 motion while a direct appeal from the same conviction is pending. See Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998); United States v. Buckley, 847 F.2d 991, 993 n.1 (1st Cir. 1988),

cert. denied, 488 U.S. 1015 (1989); United States v. Gordon, 634 F.2d 638 (1st Cir. 1980). Although there is no jurisdictional bar to reviewing such a motion, the general rule is in place to promote the "orderly administration of criminal justice." United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979); see Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968). Courts adhere to this rule unless the trial court, in its discretion, finds that the defendant has presented "extraordinary circumstances." Davis, 604 F.2d at 485.

This general rule -- that collateral attacks should not be reviewed while a direct appeal is pending -- applies with equal force when a criminal case has not yet concluded at the trial level. Indeed, the same interest in the "orderly administration of criminal justice" requires that all trial proceedings conclude, and direct appeals be exhausted, prior to consideration of a § 2255 motion.

In this case, appeals are pending *and* sentencing matters are still under consideration by the trial court. Review of Capoccia's motion at this time would not only confuse and confound the flow of his criminal proceedings, but might also prejudice his ability to bring a broader collateral attack in the future. Specifically, the Court's

4

determination on the forfeiture issue could result in another direct appeal, and Capoccia may wish to raise a collateral attack at some point after the appeal is exhausted. In that event, the Court would need to consider the AEDPA's bar on second and successive motions arising out of the same conviction. 28 U.S.C. § 2255(h).

In his response to the government's motion, Capoccia cites the history and purpose of habeas corpus. He does not, however, present the Court with "extraordinary circumstances" that would compel immediate review of his motion. Indeed, the issue presented here is quite common, involving a partial remand to the trial court for a substantive change in the sentence.

Accordingly, and in keeping with the general rule cited above, I recommend that the Court decline to consider Capoccia's § 2255 motion at this time. As the government suggests, the motion should be DENIED without prejudice in order that it may be brought again at the appropriate time.

## Conclusion

For the reasons set forth above, I recommend that Capoccia's motion to vacate under 28 U.S.C. § 2255 (Paper 548) be DENIED without prejudice. In a related motion (Paper 564), Capoccia asks to be "admitted to bail" while

his § 2255 motion is pending.  If the Court adopts this Report and Recommendation, this second motion should be DENIED as moot.

Dated at Burlington, in the District of Vermont, this 10th day of June, 2009.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).