```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT


UNITED STATES OF AMERICA,         :
       Plaintiff                  :
                                  :
       v.                         :   File No. 1:03-CR-35-1
                                  :
ANDREW CAPOCCIA,                  :
       Defendant                  :
```

RULING ON GOVERNMENT'S MOTION TO DISMISS PETITION
OF CAROL ANNE DE CHIRO F/K/A CAROL CAPOCCIA
(Paper 603)

Currently before the Court is the government's motion to dismiss a third-party petition by Carol Anne De Chiro, formerly known as Carol Capoccia, claiming an interest in certain property subject to forfeiture.[1]  For the following reasons, the motion is GRANTED.

I.   Background

The Court issued an Amended Preliminary Order of Forfeiture in this case on August 19, 2009.  Paper 597.  The Order listed certain property subject to forfeiture, and ordered the government to post notice of the forfeiture on www.forfeiture.gov.  Id.  The Order also stated, "Specific notice to all known third parties is not required at this juncture of the case as this is an Amended Preliminary Order of Forfeiture that does not identify any new assets and all interested parties

---

[1] De Chiro appears to be Ms. Capoccia's maiden name. Paper 603-1.  The Court will use the name Capoccia herein, for consistency with prior proceedings.

were notified of the original Preliminary Order of Forfeiture." Id. at 4. The property subject to forfeiture was posted on www.forfeiture.gov from September 9, 2009 to October 8, 2009. See Paper 599 (declaration of publication).

Carol Capoccia was a defendant in this case until her charges were voluntarily dismissed by the government in July 2004. See Paper 115. The government subsequently re-initiated charges in a separate information, United States v. Capoccia, No. 1:06-cr-119. In that proceeding, Carol pled guilty under a plea agreement and was sentenced to one year of probation with community service.

Ms. Capoccia has served her sentence and now petitions the Court for a hearing, asserting an interest in the property subject to forfeiture in this case. Paper 602. The government moves to dismiss Ms. Capoccia's petition. Paper 603.

II. Discussion

Under Rule 32.2 of the Federal Rules of Criminal Procedure, "the court may, on motion, dismiss [a] petition [asserting an interest in property subject to forfeiture] for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Cr. P. 32.2(c)(1)(A). Here, the government argues Ms. Capoccia is collaterally and judicially estopped, she lacks statutory standing, and her petition is untimely. The Court

addresses only the first two of these reasons, finding the third unnecessary.

    A.    <u>Estoppel</u>

Ms. Capoccia received notice of the property subject to forfeiture in this case when the original Preliminary Order of Forfeiture was issued, in February 2006. <u>See</u> Paper 392 (certificate of service to counsel for Carol Capoccia). Later that year, she signed a plea agreement in case No. 1.06-cr-119, in which she "acknowledge[d] full actual and timely notice of the civil and criminal forfeiture actions brought by the Government against [the property here at issue]." Paper 603-2 ¶ 7. In the plea agreement, Ms. Capoccia agreed to withdraw a claim she had made on the property in a companion civil forfeiture case, <u>id.</u> ¶ 7, promised to cooperate with the government in the forfeiture proceedings, <u>id.</u> ¶ 8, and waived any claim that the forfeiture "in any way violates any of her rights," <u>id.</u> ¶ 9. The government argues Ms. Capoccia's plea agreement both collaterally and judicially estops her from asserting an interest in the property subject to forfeiture. Paper 603 at 1-3.

Collateral estoppel based on a guilty plea "has been allowed where an element of the crime to which the defendant pled guilty or of which he was convicted was at issue in the second suit." <u>United States v. Real Property Located at Section 18</u>, 976 F.2d 515, 519 (9th Cir. 1992); <u>accord</u> <u>United States v. Podell</u>, 572

3

F.2d 31, 35 (2d Cir. 1978). However, "[a] judgment based on a guilty plea forecloses only those issues necessarily determined." United States v. $448,342.85, 969 F.2d 474, 476 (7th Cir. 1992). Therefore to find collateral estoppel, the fact at issue in the second case must have been central to the plea agreement — such as the defendant's guilt itself, or the elements of the offense. See United States v. Wight, 839 F.2d 193, 195-97 (4th Cir. 1987) (allowing preclusion only as to essential aspects of the guilty plea).

Here, the government does not seek to use Ms. Capoccia's guilt or an element of her offense as grounds for preclusion. Rather, the government invokes a promise made by Ms. Capoccia as part of her plea bargain. This promise by Ms. Capoccia was not "necessarily determined" by the judgment of conviction on her guilty plea; it was simply part of the side bargaining that facilitated the guilty plea. Accordingly, collateral estoppel is a poor fit for the situation at hand, and the Court does not find Ms. Capoccia collaterally estopped from bringing her petition. United States v. $448,342.85, 969 F.2d at 476.

Judicial estoppel is the notion that "'[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has

4

acquiesced in the position formerly taken by him.'"  New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)).  As an equitable doctrine, judicial estoppel is invoked in the court's discretion.  Id. at 750.

While judicial estoppel is applied most often to factual representations, courts occasionally apply the doctrine to promises made by parties.  See, e.g., In re T.G. Morgan, Inc., 172 F.3d 607 (8th Cir. 1999) (applying judicial estoppel to prevent a party from acting against a promise previously made before the court); Chance v. Board of Examiners, 561 F.2d 1079, 1092 (2d Cir. 1977) ("[W]e emphasize that the Examiners have agreed not to revert to the original examination system, [and] that they are judicially estopped from doing so . . . .").

In the criminal context, courts have applied judicial estoppel to prevent defendants from taking positions inconsistent with the terms of their plea agreements.  See, e.g., Lowery v. Stovall, 92 F.3d 219 (4th Cir. 1996).  At least two reasons justify this approach: (1) the defendant receives a benefit from the plea agreement, which often results in a dramatic reduction in sentence, and (2) the plea agreement is reviewed and approved by the court, receiving judicial endorsement.  See id. at 223-25; 18B Charles Alan Wright et al., Federal Practice and Procedure § 4474.1 (2d ed. 2002) ("[T]he guilty plea is made to induce

5

reliance by the court for purposes that count as favorable to the defendant."). Therefore judicial estoppel can be an appropriate tool to hold a defendant to promises made in a plea agreement.

In her plea agreement, Ms. Capoccia clearly stated she received notice of the property subject to forfeiture. Paper 603-2 ¶ 7. Now she claims she had no notice of the forfeiture. Paper 602. Ms. Capoccia also promised to cooperate with the forfeiture and waived any claim that the forfeiture violated her rights. Paper 603-2 ¶¶ 8-9. Now she claims the property subject to forfeiture is hers. Paper 602. Based on these inconsistent positions, the Court finds Ms. Capoccia judicially estopped from bringing her petition. <u>New Hampshire</u>, 532 U.S. at 749; <u>Lowery</u>, 92 F.3d at 219.

    B.   <u>Statutory Standing</u>

The government also argues Ms. Capoccia lacks statutory standing. As recently noted by this Court, petitioners challenging forfeitures must explain the nature of the interest claimed in sufficient detail, including details regarding the right, title, and circumstances of acquisition. <u>Unted States v. Chan</u>, No. 1:09-cr-13, 2009 WL 5195872 (D. Vt. Dec. 21, 2009). Ms. Capoccia's petition merely states "the money sought to be forfeited by the government belongs to me," with no further detail. Moreover, the petition is not signed under penalty of

perjury. These defects provide additional grounds for dismissing the petition. Id.

III. Conclusion

Based on judicial estoppel and a lack of statutory standing, the government's motion to strike (Paper 603) Ms. Capoccia's petition (Paper 602) is GRANTED.

Dated at Brattleboro, in the District of Vermont, this 29th day of April, 2010.

                                        /s/ J. Garvan Murtha
                                        Honorable J. Garvan Murtha
                                        Senior United States District Judge