UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:03-cr-35-jgm-1 |
| | : | |
| ANDREW F. CAPOCCIA, | : | |
| | : | |
|     Defendant. | : | |
| _____ | : | |

MEMORANDUM AND ORDER ON DEFENDANT'S APPLICATION
FOR DECISIONS ON MOTIONS OUTSTANDING
AND FOR PRE-RESENTENCING CONSIDERATION
OF THE INDICTMENT'S CONSTRUCTIVE AMENDMENT
(Doc. 650)

Mr. Capoccia's *pro se* motion requests a decision on two of his previous motions and seeks to dismiss or vacate Counts 1, 3, 9, 11, 12 & 13 of the Second Superceding Indictment (Doc. 121).  Mr. Capoccia's request for a decision on his two motions (Docs. 544 and 621) is moot, as the Court recently issued a decision and a text-only order disposing of them.  (See Doc. 659, an April 18, 2011 Decision and Order denying Doc. 544, which sought to dismiss Count 13 of the indictment; see also Doc. 661, an April 18, 2011 text-only Order denying Doc. 621, which sought to dismiss the indictment for delay to re-sentencing and to reassign the case.)

With respect to the instant motion to dismiss, Mr. Capoccia argues the indictment was constructively amended by a jury instruction that referred to interstate transfers of "money or securities" and trial evidence of interstate transfers of securities, while the indictment, in contrast, charged only interstate transfers of "money."  For the reasons discussed below, the motion is denied because the difference in this case did not alter the essential elements of the offenses

charged or broaden the basis for Mr. Capoccia's conviction.  Mr. Capoccia was on notice of the core of criminality to be proven at trial.

I.	DISCUSSION

Constructive amendment of an indictment "is a *per se* violation of the Grand Jury Clause of the Fifth Amendment." United States v. Rigas, 490 F.3d 208, 225-26 (2d Cir. 2007). It is prejudicial per se, unlike variance, for which "a defendant must show prejudice in order to prevail." United States v. Salmonese, 352 F.3d 608, 621 (2d Cir. 2003) (distinguishing between variance and constructive amendment).  Constructive amendment occurs if "either the proof at trial or the district judge's instruction 'so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment.'" United States v. Soerbotten, 398 F. App'x 686, 687-88 (2d Cir. 2010) (quoting United States v. Milstein, 401 F.3d 53, 65 (2d Cir. 2005)).  The Second Circuit has "consistently permitted significant flexibility in proof, provided that the defendant was given notice of the 'core of criminality' to be proven at trial." United States v. Jespersen, 65 F.3d 993, 1001 (2d Cir. 1995).

In United States v. Soerbotten, the evidence demonstrated a defendant charged with importing heroin actually believed he was transporting cocaine.  Soerbotten, 398 F. App'x at 687.  The Second Circuit's summary order held the indictment had not been constructively amended by instructions that permitted a jury to convict if defendant knew he was transporting some controlled substance and pointed out both heroin and cocaine were controlled substances. Id. at 687-88.  The panel reasoned the precise identity of the controlled substance "affected neither the Government's case nor the sentence imposed," and "any variance cannot have

prejudiced the ability of the defendant to make his defense," because the defendant was "sufficiently apprised of the charges" and the "core of criminality to be proved at trial." Id. at 688 (internal quotations, citations and alterations omitted).

Here, the indictment sufficiently apprised Mr. Capoccia of the charges and the core of criminality to be proved at trial. The challenged counts charged Mr. Capoccia under 18 U.S.C. § 2314, which criminalizes intentional interstate transport, transmittal, or transfer of stolen "goods, wares, merchandise, securities or money, of the value of $5,000 or more." 18 U.S.C. § 2314. With the exception of one count at issue here,[1] the challenged counts referred only to interstate transfers of "money" or "moneys." The Court's jury instruction laying out the elements of a § 2314 violation, in contrast, referred throughout to "money or securities," and the government introduced proof of check transfers (i.e., securities transfers) at trial. The difference does not amount to constructive amendment, however.

The indictment placed Mr. Capoccia on notice he was accused of interstate transfers of stolen funds and therefore sufficiently placed him on notice of the "core of criminality" to be proved at trial, regardless of whether the funds were in the form of securities or money. The indictment clearly identified the specific transactions at issue, the value of the funds transferred, and the dates for each transaction, and it is clear the jury convicted Mr. Capoccia of the offenses charged in the challenged counts of the indictment, and not other offenses. The instruction including the word "securities," and the proof of securities transfers for the transactions specifically identified in the indictment, do not alter an essential element of the offense, because

---

[1] The government points out Count 9 charges interstate transport of "checks containing $5000 or more of the proceeds of clients' extra funds and settlement checks." (Doc. 121, Second Superceding Indictment at 31.)

transfers of both forms of funds are criminalized by the statute.  The challenged counts put Mr. Capoccia on notice of what would be proven at trial.

II.     CONCLUSION

Mr. Capoccia's Application for Decisions on the Motions Outstanding and for Pre-Resentencing Consideration of the Indictment's Constructive Amendment (Doc. 650) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of May, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge