UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|         Plaintiff, : | |
| : | |
| v. : | File No. 1:03-cr-35-jgm-1 |
| : | |
| ANDREW F. CAPOCCIA, : | |
|         Defendant. : | |
| : | |

MEMORANDUM AND ORDER ON PETITION OF VALENTINO
ENTERPRISES, INC. AND CAROL CAPOCCIA, LLC
FOR AN ANCILLARY PROCEEDING,
AND GOVERNMENT'S MOTION TO DISMISS THE PETITION
(Docs. 634, 641)

Pending before the Court are the Petition of Valentino Enterprises, Inc. and Carol Capoccia, LLC for Ancillary Proceeding (Doc. 634) and the government's Motion to Dismiss the Petition (Doc. 641).  For the reasons that follow, the government's motion is granted, and the Petition is dismissed as untimely.

I.     BACKGROUND

The facts and procedural history of this case have been reported in numerous decisions by this Court and by the Second Circuit, familiarity with which is assumed.  See, e.g., United States v. Capoccia, 402 F. App'x 639 (2d Cir. 2010) (decision issued December 7, 2010 affirming this Court's August 19, 2009 Amended Preliminary Order of Forfeiture); United States v. Capoccia, 354 F. App'x 522 (2d Cir. 2009) (decision issued November 30, 2009 remanding for de novo re-sentencing because the government conceded two money-laundering counts should be dismissed, but rejecting other challenges to the indictment); United States v. Capoccia, 247 F. App'x 311 (2d Cir. 2007) (decision issued September 19, 2007 affirming Mr. Capoccia's judgment of conviction and sentence).  The facts relevant to the parties' pending motions are as follows.

On January 6, 2011, Valentino Enterprises, Inc. and Carol Capoccia, LLC filed the instant Petition for Ancillary Proceeding, asserting an interest superior to that of the government in two bank accounts held in the name of the petitioning entities.  (Doc. 634.)  The accounts were arrested in a civil forfeiture case, United States v. Acct. No. 059-644190-69, 1:02-cv-72-jgm, which has been stayed pending resolution of related criminal charges against Andrew F. Capoccia.[1]  See Civil Minute Entry 2/06/03 granting Civil Doc. 47-2[2].  The warrant of arrest for those assets specifically provided "service by facsimile shall be sufficient to freeze the accounts immediately upon receipt" by the banks and brokerages served, with formal service to be carried out "within a reasonable time of seizure."  (Civil Doc. 19 at 4.)  The assets were frozen via fax on March 18, 2002 and formal service was executed on April 16, 2002.  (See Civil Doc. 18.)  At the time, the two corporate entities were formally owned by defendant Carol Capoccia, defendant Andrew Capoccia's former wife.  Service on both entities was effected by personal service on Carol Capoccia.  (Civil Doc. 15.)   The U.S. Marshals Service also served a warrant, complaint and summons on Eugene Bizzarro, Ms.

---

[1]  The entities each claim an interest in one of the two accounts.  The government's proposed Amended Final Order of Forfeiture (Doc. 637-1) identifies a percentage of each account as proceeds traceable to Mr. Capoccia's offenses, and identifies the remaining percentage as substitute property.  The proceeds are: (a) 18.33% of thirteen securities and 100% of bonds contained in Account No. [XXXX]-9538 at Wells Fargo (formerly known as Wachovia Securities).  The account was formerly known as Account No. 059-644190-69, in the name of or for the benefit of Carol Capoccia LLC at Prudential Securities, which as of March 12, 2002, had a balance of approximately $992,326.  (See Civil Doc. 2.); (b) 76.53% of contents of Account No. [XXXX]-2063 at Wells Fargo (formerly known as Wachovia Securities).  The account was formerly known as Account No. TBJ967131E6, in the name of or for the benefit of Valentino Enterprises, Inc. at Prudential Securities, which as of March 12, 2002 contained $1,599,006.95.  (See Civil Doc. 2.)  The substitute property is: (a) 81.67% of the contents of Account No. [XXXX]-9538 at Wells Fargo; and (b) 23.47% of the contents of Account No. [XXXX]-2063 at Wells Fargo.

[2]  References to docket entries in United States v. Acct. No. 059-644190-69, 1:02-cv-72-jgm will be identified hereinafter as "Civil Doc." or "Civil Minute Entry."

Capoccia's son, at his home address, which was the listed company address for Valentino Enterprises, Inc. (Civil Doc. 19.)

On April 19, 2002, the government filed an Amended Verified Complaint of Forfeiture to add new assets (Civil Docs. 8, 9), and Ms. Capoccia was again served with the summons, complaint and a second warrant of arrest pertaining to the additional property. (Civil Docs. 38, 39.) On June 5, 2003, the government filed a Second Amended Verified Complaint of Forfeiture to add factual allegations, articulate its theories, and establish the time period when the conduct giving rise to civil forfeiture began. (Civil Doc. 104, see also Civil Doc. 90.) An affidavit incorporated by the Second Amended Verified Complaint of Forfeiture alleges Andrew Capoccia's fraudulent transfers into accounts controlled by his wife began in 1998. (Civil Docs. 104, 87.) The U.S. Marshals Service initially published notice of the first Verified Complaint of Forfeiture (Civil Doc. 1) in the Bennington Banner on March 27, 2002. (Civil Doc. 13.) After a single posting, publication was cancelled, because the government filed an Amended Verified Complaint of Forfeiture (Civil Doc. 8), which included additional assets. A new Order for Notice by Publication issued April 2, 2002 (Doc. 32), and notice was published in the Bennington Banner three times. (See Civil Doc. 13.)

The first two indictments in defendant Andrew Capoccia's criminal case also charged Carol Capoccia with concealing records and secreting assets to avoid seizure. (Docs. 1, 54.) On July 19, 2004, the charges against Ms. Capoccia were dismissed without prejudice, and she was not named as a defendant in the Second Superseding Indictment. After her husband was convicted of thirteen counts on April 5, 2005, the government reinstated a charge against her in a separate information filed November 2, 2006, alleging she corruptly induced her housekeeper to conceal records to impair their use in an official proceeding. (See Information, 1:06-cr-119-jgm-1, Doc. 1.)

In Mr. Capoccia's criminal case, this Court issued a February 2, 2006 Preliminary Order of Forfeiture, followed by an August 15, 2006 Final Order of Forfeiture (Docs. 381, 442), ordering forfeiture of assets named in the Second Superseding Indictment.  Mr. Capoccia appealed from both the Preliminary and Final Orders of Forfeiture, and from his conviction.

While Mr. Capoccia's appeals were pending, Ms. Capoccia pleaded guilty on January 24, 2007.  As part of her plea agreement, Ms. Capoccia agreed, in relevant part, to forfeit any claim she may have to numerous assets subject to civil and criminal forfeiture, including the accounts at issue in this Petition, to withdraw her claim filed in the civil forfeiture case, and to waive any claim she may have that any "forfeiture, administrative or judicial, civil or criminal" of those assets violated any of her rights.  (See 1:06-cr-119-jgm-1, Doc. 2.)  Although Ms. Capoccia was the record owner of the Petitioning entities in this case, her plea agreement did not waive any claim the entities may have regarding forfeiture of the entities' accounts or assets.

On September 19, 2007, the Second Circuit issued two decisions, one affirming Mr. Capoccia's conviction, and a second vacating the August 15, 2006 Final Order of Forfeiture in part, with directions to recalculate forfeiture because transfers pre-dating May 2000 were not forfeitable as proceeds of the charged offenses.  United States v. Capoccia, 247 F. App'x 311 (2d Cir. 2007); United States v. Capoccia, 503 F.3d 103 (2d Cir. 2007).  On remand, this Court held an evidentiary forfeiture hearing.  On August 19, 2009, it issued an Amended Preliminary Order of Forfeiture, ordering a percentage of the petitioning entities' accounts forfeitable under the criminal proceeds theory and the remainder forfeitable as substitute property.  (Doc. 597.)  Mr. Capoccia appealed the order.  The Second Circuit upheld the Amended Preliminary Order of Forfeiture in a Summary Order issued December 7, 2010, and specifically rejected Mr. Capoccia's argument that the district court was not authorized to order forfeiture of substitute assets under 21 U.S.C. § 853(p), ruling that

where 28 U.S.C. § 2461(c) incorporated the procedures codified in 21 U.S.C. § 853, it included the procedure permitting forfeiture of substitute assets.  See United States v. Capoccia, 402 F. App'x 639 (2d Cir. 2010).

Todd and Robert Strassberg acquired their interest in the petitioning entities as follows.  In January 2006, a New York state court civil judgment was rendered against Ms. Capoccia, "a/k/a Carol Capoccia, LLC," for $497,260.84.  (See Doc. 641 at 11.)  The plaintiff bank in that case assigned its judgment to the law firm Strassberg & Strassberg, P.C.  (Doc. 648-5.)  The Marshal's Bill of Sale reflects that the Strassbergs, as individuals, purchased the firm's interest in the petitioning entities for $10,000.  (Docs. 648, 648-2.)  In January 2011, the Strassberg's firm, representing the Petitioners, filed the instant Petition in this Court.  At a motion and status hearing before the Court on April 19, 2011, the Court inquired of both parties whether they wished to schedule an evidentiary hearing on the pending Petition.  (Minute Entry, Doc. 633.)  Both parties indicated the petition could be decided on the briefs and supporting documents already submitted and declined to submit further briefing or request an evidentiary hearing.  Id.

II.     DISCUSSION

Petitioners contest the Court's jurisdiction over the entities' accounts, which are subject to forfeiture in the August 19, 2009 Amended Preliminary Order of Forfeiture, and assert a superior interest to the assets.  They claim the warrant of arrest in the civil case was not properly executed and therefore the seizure in 2002 was improper, and they argue the government has improperly restrained those portions of the account identified as "substitute assets" prior to Mr. Capoccia's conviction.  The government responds that the Petition is untimely, it should be dismissed for failure to state a claim on which relief can be granted, and that Petitioners lack standing, compelling dismissal of their Petition for lack of jurisdiction.

A.       Untimely Petition

The Petition, filed January 6, 2011, approximately thirteen months after the deadline for filing a petition expired, is untimely and therefore should be dismissed. Under 21 U.S.C. § 853(n)(2), a third party claiming interest in property subject to criminal forfeiture must assert it "within thirty days of the final publication of notice" or of receipt of direct notice, "whichever is earlier." 21 U.S.C. § 853(n)(1)-(2). Here, the thirty days following publication ended November 7, 2009 (see Doc. 599, Declaration of Publication), at which time Carol Capoccia was the record owner of the entities. Neither corporate entity filed a petition before the deadline. However, Carol Capoccia filed, in her personal capacity and under her maiden name, a March 2, 2010 third-party petition in this case, claiming interest in the assets described in the Amended Preliminary Order of Forfeiture (Doc. 602). This Court struck the petition, ruling Ms. Capoccia lacked standing and was judicially estopped from asserting a claim to the assets by her plea agreement promises. (Doc. 607.) Here, the entities' pending petition is untimely and will be dismissed.

B.       Entities' Standing

The government urges the Petition should also be denied because the petitioning entities lack standing. Under 21 U.S.C. § 853(n)(6)(A), a petitioner can establish by a preponderance of the evidence that his "legal right, title, or interest in the property" renders the forfeiture invalid in whole or in part because the interest was "vested in the petitioner rather than the defendant" or was superior to any interest of the defendant "at the time of the commission of the acts which gave rise to the forfeiture." 21 U.S.C. § 853(n)(6)(A). Alternatively, subsection (n)(6)(B) of § 853 provides a petitioner may show he was a "bona fide purchaser for value of the right, title, or interest in the property" and was "at the time of purchase reasonably without cause to believe that the property

was subject to forfeiture." 21 U.S.C. § 853(n)(6)(B).  The government argues Petitioners cannot establish an interest in the property under either subsection of the statute.

Without adequately addressing the entities' standing, the government points out the Strassbergs, as individuals, would not be able to establish a vested interest in the property at the time of Mr. Capoccia's offenses, because Carol Capoccia owned the entities then.  The government also argues the Strassbergs could not demonstrate that at the time they obtained an interest in the entities, they were without notice it was subject to forfeiture.  The parties have not briefed whether the Court should disregard the corporate form in this case.  Because the Court rules the petition is untimely, it need not resolve whether the petitioning entities have standing to file a petition.

        C.        <u>Service of Process Does Not Invalidate the Seizure of the Disputed Assets</u>

Even if the Petition in this case were timely, Petitioners' remaining challenges to the government's interest in the assets fail.  Petitioners challenge this Court's jurisdiction over the assets in the civil proceeding on grounds service on the assets was improper because (1) the civil arrest warrant was served on brokerages via fax; (2) service on Carol Capoccia was incomplete because she was served with only one copy of the documents for multiple res; and (3) publication of the seizure was improper because the initial publication was cancelled.

The government, however, has correctly pointed out that the Court's order specifically permitted fax service, and personal service on the brokerages within thirty days was within a reasonable period of time.  The government recently corrected the docket in the civil case to reflect that Ms. Capoccia was properly served with two summonses.  (Civil Doc. 178.)

Furthermore, the government cancelled the last two publications of the first notice of forfeiture because the notice was to be amended.  The amended notice of forfeiture was properly published three times.  (Civil Doc. 32.)  The entities, in any case, were directly notified of the

seizures by personal service on Carol Capoccia, her husband, and her son.  (Civil Docs. 35, 37, 38.) Even if the petitioning entities had grounds to object to service of process, any objections have been waived by their failure to timely assert them.

      D.      <u>Restraint of Assets in the Civil Case</u>

Finally, Petitioners argue the seizure of assets in the stayed civil case was an end-run around 28 U.S.C. § 2461(c), enacted as part of the Civil Asset Forfeiture Reform Act of 2000 to encourage use of criminal forfeiture as an alternative to civil forfeiture.  They claim § 2461(c) prevents pre-conviction restraint of assets subject to criminal forfeiture.  However, they misplace their reliance on <u>United States v. Razmilovic</u>, 419 F.3d 134 (2d Cir. 2005), where the Second Circuit interpreted 28 U.S.C. § 2461(c) as it was written before its amendment in 2006, holding § 2461(c) did not, by its terms, authorize pre-trial or pre-conviction restraint of assets subject to criminal forfeiture, because the 2000 statute specified that "upon conviction" an order of forfeiture could be entered in accordance with the procedures set out in 21 U.S.C. § 853, and it did not expressly make these procedures available pre-conviction.[3]

---

[3]  Before the 2006 amendment, 28 U.S.C. § 2461(c) provided:

> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture *upon conviction*, the government may include the forfeiture in the indictment or information in accordance with the Federal Rules of Criminal Procedure, and *upon conviction*, the court shall order the forfeiture of the property in accordance with the procedures set forth in section 413 of the Controlled Substances Act (21 U.S.C. § 853), other than subsection (d) of that section.

28 U.S.C. § 2461(c) (2000) (emphasis added).

The current 28 U.S.C. § 2461(c), reflecting the 2006 amendment, provides:

However, in 2006, Congress amended and arguably clarified 28 U.S.C. § 2461(c), to provide that "[t]he procedures in section 413 of the Controlled Substances Act (21 U.S.C. § 853) apply *to all stages of a criminal forfeiture proceeding*." 28 U.S.C. § 2461(c) (emphasis added). The new statutory language makes clear the procedures of 21 U.S.C. § 853 authorize the pre-conviction restraint of property subject to criminal forfeiture under § 853(a).[4] Petitioner's arguments, that a pre-conviction seizure of criminally forfeitable assets violates the terms and purposes of 28 U.S.C. § 2461(c), are therefore unavailing. In any case, the property subject to forfeiture in this case was not held pre-conviction under the authority of 28 U.S.C. § 853.

Petitioners further argue that assets identified in the current Amended Preliminary Order of Forfeiture (Doc. 597) as "substitute assets," are unforfeitable in the criminal case because their civil seizure amounted to a pre-conviction restraint of substitute property not authorized by 21

---

> If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. § 853) *apply to all stages of a criminal forfeiture proceeding*, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

28 U.S.C. § 2461(c) (2006) (emphasis added).

[4] The Court notes application of this rule to the forfeiture process in Capoccia's case would not violate the Ex Post Facto Clause, for the amendment, which clarifies the stage of proceedings at which certain forfeiture procedures apply, is a procedural one. Where application of a statute "punishes as a crime an act previously committed, which was innocent when done," or "makes more burdensome the punishment for a crime, after its commission," or "deprives one charged with crime of any defense available according to law at the time when the act was committed," it violates the ex post facto clause. Doe v. Pataki, 120 F.3d 1263, 1272 (2d Cir. 1997) (quoting Beazell v. Ohio, 269 U.S. 167, 169-70 (1925)).

U.S.C. § 853(e).  The contemplated substitute assets are amounts in the disputed accounts that were transferred before May 2000, and therefore are not proceeds of Mr. Capoccia's offenses of conviction, but are forfeitable as "substitute property" under 21 U.S.C. § 853(p).  Section 853(p) provides for forfeiture of substitute property where assets forfeitable under subsection § 853(a) either cannot be located, have been transferred, sold or deposited with a third party, have been placed beyond the jurisdiction of the court, or diminished in value, or commingled with other property which cannot be divided without difficulty.  21 U.S.C. § 853(p).

Petitioners are correct that 21 U.S.C. § 853(e), which provides for pre-conviction restraint of assets in a criminal case, does not, by its terms, apply to substitute property.  Section 853(e) provides, in relevant part, that "a court may enter a restraining order or injunction, . . . , or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section." 21 U.S.C. § 853(e).  Section 853(e) refers only to property under subsection (a), i.e., property "constituting, or derived from, any proceeds" of an offense, or "property used, or intended to be used, . . . , to commit, or to facilitate the commission of" the offense.  Id.  It does not authorize a court to enter a restraining order or injunction for substitute property, defined in subsection (p).  Subsection (f) permits the government to request issuance of a warrant authorizing seizure of property subject to forfeiture in the event "an order under subsection (e) of this section may not be sufficient to assure the availability of the property for forfeiture." 21 U.S.C. § 853(f).  The Fifth Circuit has indicated subsection (f) authorizes pre-trial seizure only of property described in subsection (a) and subject to pre-trial restraint in subsection (e).  See United States v. Floyd, 992 F.2d 498, 502 (2d Cir. 1993) ; see also United States v. Gotti, 155 F.3d 144, 149 (2d Cir. 1998) (agreeing with United States v. Floyd's assessment that § 853(e) does not include substitute assets).

In our case, the substitute assets named in the Amended Preliminary Order of Forfeiture were neither seized nor restrained under the authority of 28 U.S.C. § 853. The assets were seized initially in the civil case. The government filed the civil complaint on March 18, 2002 (Civil Doc. 1), subsequently amended it on April 19, 2002 (Civil Doc. 8), asserting an action *in rem* to enforce 18 U.S.C. §§ 981(a)(1)(A), 983 and 984[5]. Section 983, which provides general rules for civil forfeiture proceedings, specifically contemplates, in subsection (a)(3)(B), that property subject to civil forfeiture may also be subject to criminal forfeiture in another proceeding:

> In lieu of, *or in addition to*, filing a civil forfeiture complaint, the Government *may* include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

18 U.S.C. § 983(a)(3)(C) (emphasis added).

Here, the criminal proceeding against Mr. Capoccia was not the basis for the arrest of the assets in question and it is not the only forfeiture proceeding commenced by the government. The Government's authority to restrain the property named in the civil complaint was, at the time of seizure, governed by the civil forfeiture statute.

The property was properly arrested pursuant to the warrant in the civil case. The Court allowed the government to file its Second Amended Verified Complaint of Forfeiture (Civil Doc. 104) and in decisions filed March 18, 2003 and May 28, 2003, it addressed Carol Capoccia's request to return the funds. (Civil Docs. 82, 100.) In ruling on Ms. Capoccia's request, this Court ultimately held the government had sufficiently alleged all the funds seized were traceable to transfers from LCCP to Carol Capoccia's accounts, and all "were part of a large scheme to embezzle money" that

---

[5] Section 981 provides for civil forfeiture of property involved in a transaction in violation of federal money laundering laws, 18 U.S.C. §§ 1956 and 1957. Section 984 governs civil forfeiture of fungible property.

11

dated "back at least to July 1998." (Doc. 100 at 4.) The allegations in the Second Amended Verified Complaint of Forfeiture covered a broader range of activity than the indictment in the criminal case and were sufficient to justify the restraint of the assets in the civil case.

The absence of a provision in § 853 authorizing pre-conviction restraint on substitute property in a criminal forfeiture proceeding did not prevent the government from restraining assets in a related civil case, nor would prior restraint in the civil case prohibit post-conviction seizure and forfeiture of substitute assets in a criminal proceeding. This Court's August 19, 2009 Amended Preliminary Order of Forfeiture was entered after Mr. Capoccia's conviction, it authorized the government to retain possession of the proceeds and substitute assets subject to forfeiture, and it ordered that they be seized and held until further order of the Court.

III.     CONCLUSION

The Petition for Ancillary Proceeding by Valentino Enterprises, Inc. and Carol Capoccia, LLC (Doc. 634) is DENIED as untimely, and the government's Motion to Dismiss the Petition (Doc. 641) is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of May, 2011.

/s/ J. Garvan Murtha  
Honorable J. Garvan Murtha  
Senior United States District Judge